Bradley L. Booke #2662
LAW OFFICE OF BRADLEY L. BOOKE
10161 Park Run Drive #150
Las Vegas, NV 89145
702-241-1631
866-297-4863 Fax
brad.booke@lawbooke.com
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEVY AD GROUP, INC., a Nevada corporation; LEVY PRODUCTION GROUP, LLC, a Nevada limited liability company; LEVY ONLINE, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>-vs-<br><br>THE CHUBB CORPORATION dba CHUBB GROUP OF INSURANCE COMPANIES, a New Jersey corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Defendants. | Case No.: 2:20-cv-763<br><br>**COMPLAINT** |

Levy Ad Group, Inc., Levy Production Group, LLC, and Levy Online, LLC, through counsel, for their causes of action, allege as follows:

**INTRODUCTION**

1. Levy Ad Group, Inc. (LAG), Levy Production Group, LLC (LPG), and Levy Online, LLC (LO) are owners and operators of an advertising agency, a video production and post-production business, and a digital marketing agency, respectively, in Las Vegas, Nevada. LAG, LPG, and LO have been legally compelled by a series of Emergency Directives issued by the Governor of the State of Nevada to close their business operations for an indefinite period of time,

as a part of the state government's response to the government-declared public health emergency created by the COVID-19 pandemic.

2. To protect their businesses from situations that force closure for reasons beyond their control, LAG, LPG, and LO purchased business interruption insurance from the Chubb Group of Insurance Companies, of which Federal Insurance Company (collectively "Chubb") is an affiliate.

3. On March 24, 2020, LAG, LPG, and LO submitted a claim to Chubb requesting coverage and payment under their business interruption insurance policy.

4. In breach of the insurance policy and its statutory and common law duties, and despite repeated requests by LAG, LPG, and LO, Chubb has failed to act on LAG's, LPG's, and LO's business interruption insurance claims.

5. As a result of Chubb's failure to act, LAG, LPG, and LO have been and are being denied the benefit of the insurance coverage for which they have paid premiums.

6. LAG, LPG, and LO commence this action to establish that they are entitled to receive the benefit of the insurance coverage they purchased; for indemnification of the business income losses they have sustained; for breach of contract; and for bad faith insurance practices in the handling of their claim.

**PARTIES**

7. LAG is a Nevada corporation in good standing with its principal place of business located in Las Vegas, Nevada. LAG operates an advertising agency in Las Vegas.

8. LPG is a Nevada limited liability company in good standing with its principal place of business located in Nevada. LPG, LLC has two members, each of whom is a citizen of the state of Nevada. LPG operates a video production and post-production business in Las Vegas.

9. LO is a Nevada limited liability company in good standing with its principal place of business located in Nevada. LO, LLC has two members, each of whom is a citizen of the state of Nevada. LO operates a digital marketing agency business in Las Vegas.

10. Defendant The Chubb Corporation is a New Jersey corporation that does business under the name "Chubb Group of Insurance Companies." The Chubb Group of Insurance

Companies has principal places of business in either Irvine, California or Whitehouse Station, New Jersey, or both.

11. Defendant Federal Insurance Company is an Indiana corporation with its principal place of business in Whitehouse Station, New Jersey. Defendant Federal Insurance Company is a subsidiary or other affiliate of The Chubb Corporation dba Chubb Group of Insurance Companies.

12. Defendant The Chubb corporation dba Chubb Group of Insurance Companies and Defendant Federal Insurance Company are referred to collectively herein as "the Chubb defendants."

13. The Chubb defendants are insurance companies that are licensed to sell insurance in the state of Nevada, have been engaged in the business of selling insurance in the state of Nevada, and are presently engaged in the business of selling insurance in Nevada to commercial entities such as LAG, LPG, and LO.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. This Court has personal jurisdiction over the Chubb defendants pursuant to N.R.S. § 14.065 because the Chubb defendants have availed themselves of the protections and benefits of Nevada law and have submitted to jurisdiction in Nevada by transacting business in Nevada; because they have contracted to insure entities and risks in Nevada; because they have made and entered and insurance contract with LAG and LPG that is substantially connected with Nevada; and because they have engaged in substantial, systematic and continuous contacts within the state of Nevada by doing business in Nevada, serving insureds in Nevada, and soliciting business in Nevada.

16. This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201(a) because an actual controversy exists between the parties as to their respective rights and obligations under the insurance policy that was sold by the Chubb defendants to LAG and LPG,

1  with respect to coverage for business income lost as the result of the acts of a civil authority, specifically, the Governor of the State of Nevada, as more particularly described below.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the claims asserted in this Complaint have occurred within the District of Nevada and because the property that is the subject of this action is situated in the District of Nevada.

**FACTS COMMON TO ALL CAUSES OF ACTION**

18. LAG, LPG, and LO operate their businesses at 5905 S. Decatur Blvd., Las Vegas, Nevada 89118. LAG, LPG, and LO do not have other available business premises.

19. LAG and LPG purchased Policy Number 3603-58-69 WCE ("the Policy") from the Chubb defendants and paid premiums to the Chubb defendants for the Policy, which is effective from October 3, 2019 to October 3, 2020. A true and complete copy of the Policy, as delivered to LAG and LPG, is attached hereto as Exhibit 1 and incorporated herein by this reference. The effective dates of the policy appear at Exhibit 1, PDF p. 9/259.

20. LAG, LPG, and LO are "Named Insured(s)" under the Policy. Exhibit 1 at PDF p. 259/259.

21. The insured business premises is 5905 S. Decatur Blvd., Las Vegas, Nevada 89118. Exhibit 1 at PDF p. 14/201.

22. One of the coverages provided by the Policy is "Business Income With Extra Expense." Exhibit 1 at PDF pp. 13, 15, 23-24/201. This type of coverage is commonly referred to as "business interruption" insurance or "business income" insurance.

23. The business interruption/business income coverage provides that the Chubb defendants will pay for the business income loss incurred by the Named Insureds due to the actual impairment of their operations, and for the extra expense incurred by the Named Insureds due to the actual or potential impairment of their operations, directly caused by the prohibition, by a civil authority, of access to the insured business premises, as the result of direct physical loss <u>or</u> damage to property within one mile of the insured premises, caused by a covered peril. Exhibit 1 at PDF p. 59-60, 71/259. (Emphasis supplied)

24. Covered Peril is a defined term under the Policy. Exhibit 1 at PDF pp. 107, 13, 67/259.

25. The limits of insurance coverage for "Business Income With Extra Expense" for the Policy Period from October 3, 2019 to October 3, 2020 is $1,092,650 with "Automatic Increase in Limits" of 4%. Exhibit 1 at PDF pp. 15, 23-24, 64/259.

26. The Policy does not contain special definitions for the terms "direct physical loss," "direct," "physical," "loss," or "damage." Exhibit 1 at PDF pp. 104-125/259.

27. There are no exclusions in the business interruption insurance coverage for any pandemic or virus-related peril, although there are specific exclusions for earthquake, flood, fungus, nuclear hazards, pollutants, and war and military action. Exhibit 1 at PDF p. 37-44, 135-137/259.

28. The Waiting Period for commencement of business income coverage is 24 hours. Exhibit 1 at PDF p. 14, 65/259.

29. The Waiting Period for commencement of business income coverage begins immediately following the time the civil authority prohibits access to the insured premises. Exhibit 1 at p. 65/259.

30. Article 5, Section 1 of the Nevada Constitution vests the civil authority of the State of Nevada in the Governor of the State of Nevada.

31. As the direct result of the orders of a civil authority, specifically, Emergency Directives issued by the Governor of the State of Nevada, LAG, LPG, and LO were ordered to close and were not permitted to conduct business operations effective March 20, 2020 at the insured premises. Exhibit 2, Declaration of Emergency dated March 12, 2020; Exhibit 3, Declaration of Emergency Directive 003, dated March 20, 2020; and Exhibit 4, Emergency Regulations, dated March 20, 2020.

32. On March 31, 2020, LAG's, LPG's, and LO's operations were further impaired by a civil authority as a direct result of the stay-at-home emergency directive by the Governor of the State of Nevada. Exhibit 5, Declaration of Emergency Directive 010.

33. On March 24, 2020, LAG, LPG, and LO made a claim for coverage under the "Business Income With Extra Expense" coverage of the Policy and a claims adjuster for the Chubb defendants was assigned to the claim. Exhibit 6.

34. On April 3, 2020, LAG, LPG, and LO made inquiry to the claims adjuster for the Chubb defendants as to the status of the claim. Exhibit 7. The claims adjuster wrote that the Chubb defendants had not completed their investigation and the Chubb defendants hoped to have a determination within two weeks. Id.

35. Two weeks later, on April 17, 2020, LAG, LPG, and LO again made inquiry of the claims adjuster for the Chubb defendants as to the status of the claim. Exhibit 8. The claims adjuster wrote that the Chubb defendants did not have a determination, the Chubb defendants were still reviewing the claim, and the Chubb defendants did not have a date for when a decision would be made. Id.

36. On April 24, 2020, LAG, LPG, and LO again made inquiry of the claims adjuster for the Chubb defendants as to the status of the claim. Exhibit 9. The claims adjuster did not respond.

## FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT

37. LAG, LPG, and LO re-allege all preceding allegations the same as if set forth herein in full.

38. The Policy is an insurance contract under which the Chubb defendants were paid premiums in exchange for their promises to pay LAG's, LPG's, and LO's losses for claims covered by the Policy, including business income losses incurred as a result of the orders of a civil authority impairing LAG's, LPG's, and LO's operations and forcing LAG, LPG, and LO to close their businesses.

39. LAG, LPG, and LO have fully performed all applicable provisions of the Policy, including payment of the premiums in exchange for coverage under the Policy.

40. The Chubb defendants have failed to timely act to adjust the claim made by LAG, LPG, and LO and have arbitrarily and without justification refused to reimburse LAG, LPG, and

LO for their covered business income losses sustained as a result of the orders of the civil authority that have impaired their operations and forced the closure of their businesses.

41. An actual case or controversy exists regarding LAG's, LPG's, and LO's rights and the Chubb defendants' obligations under the Policy to reimburse LAG, LPG, and LO for the insured amount of covered losses sustained as a result of the orders of the civil authority that have impaired their operations and forced the closure of their businesses.

42. Pursuant to 28 U.S.C. § 2201, LAG, LPG, and LO seek a declaratory judgment declaring as follows:

 (a) LAG's, LPG's, and LO's business income losses sustained as a result of the orders of the civil authority that have impaired their operations and forced the closure of their businesses are insured losses under the Policy;

 (b) The Chubb defendants have waived any right that may have existed to assert defenses to coverage or otherwise seek to bar or limit coverage for LAG's, LPG's, and LO's losses by their delays in conducting a claim investigation as required under Nevada law; and

 (c) The Chubb defendants are obligated to pay LAG, LPG, and LO for the full insured amount of their business income losses incurred and to be incurred in connection with the covered business losses caused by the orders of the civil authority that have impaired their operations and forced the closure of their businesses.

**SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT**

43. LAG, LPG, and LO re-allege all preceding allegations the same as if set forth herein in full.

44. The Policy is an insurance contract under which the Chubb defendants were paid premiums in exchange for their promises to pay LAG's, LPG's, and LO's business income losses for claims covered by the Policy, including business income losses incurred as a result of the orders of a civil authority impairing their operations and forcing them to close their businesses.

45. LAG, LPG, and LO have performed all applicable provisions of the Policy, including payment of premiums in exchange for coverage under the Policy, but the Chubb defendants have failed to perform their insurance coverage obligations under the Policy.

46. By failing to provide coverage for LAG's, LPG's, and LO's business income losses sustained as a result of the orders of a civil authority, the Chubb defendants have breached their coverage obligations under the Policy.

47. As the direct and foreseeable consequence of the Chubb defendants' breaches of the Policy, LAG, LPG, LO has each sustained damages in excess of $75,000 for which the Chubb defendants are liable, in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF:  BAD FAITH INSURANCE PRACTICES

48. LAG, LPG, and LO re-allege all preceding allegations the same as if set forth herein in full.

49. LAG, LPG, and LO are Name Insured(s) under the Policy.

50. N.R.S. § 686A.310(1) and Nevada common law impose duties on the Chubb defendants with respect to the investigation and settlement of the claim made by its insureds, LAG, LPG and LO.

51. The Chubb defendants have breached their statutory and common law duties in the investigation and handling of the claim by LAG, LPG, and LO in multiple ways, including the following:

   a) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy;

   b) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the Policy;

   c) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

   d) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

   e) Compelling insureds to institute litigation to recover amounts due under the Policy.

52. Pursuant to N.R.S. § 686A.310(2) and Nevada common law, the Chubb defendants are liable to LAG, LPG, and LO for all damages sustained by LAG, LPG, and LO as result of the Chubb defendants' breaches of these duties.

**WHEREFORE,** LAG, LPG, and LO respectfully pray the Court:

1. Enter a declaratory judgment in favor of LAG, LPG, and LO and against the Chubb defendants, declaring that:

  A. LAG's, LPG's, and LO's losses sustained as a result of the Emergency Directives of the Governor of Nevada are orders of a civil authority impairing the business operations of LAG, LPG, and LO and forcing them to close their businesses, and are, therefore, covered and insured losses under the Policy;

  B. The Chubb defendants have waived their rights to assert defenses to coverage or to otherwise bar or limit coverage for LAG's, LPG's, and LO's business income losses by failing to conduct a timely investigation as required by Nevada law; and

  C. The Chubb defendants are obligated to pay LAG, LPG, and LO the full insured amount of the business income losses incurred and to be incurred in connection with the covered business income losses sustained as a result of the Emergency Directives of the Governor of Nevada a orders of a civil authority impairing the business operations of LAG and LPG and forcing them to close their businesses.

2. Enter judgment in favor of LAG, LPG, and LO and against the Chubb defendants and award LAG, LPG, and LO damages for breach of contract in an amount to be proved at trial.

3. Enter judgment in favor of LAG, LPG, and LO and against the Chubb defendants for all damages sustained by LAG, LPG, and LO as a result of the Chubb defendants' breach of their duties under N.R.S. § 686A.310(1) and Nevada common law.

4. Award LAG, LPG, and LO prejudgment interest, to be calculated according to law, for the loss of use of funds caused by the Chubb defendants' refusal to pay LAG, LPG, and LO the full insured amount of their business income losses sustained as a result of orders of a

civil authority impairing the business operations of LAG, LPG, and LO and forcing them to close their businesses.

     5.     Award LAG, LPG, and LO their reasonable attorneys' fees and costs incurred in prosecuting this action.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., LAG, LPG, and LO respectfully demand trial by jury on all issues so triable.

Dated this 28th day of April, 2020.

       /s/  Bradley L. Booke
Bradley L. Booke #2662
10161 Park Run Drive #150
702-241-1631
866-297-4863 Fax
brad.booke@lawbooke.com
*Attorney for Plaintiffs*